Joel D. Odou
Nevada Bar No. 7468
jodou@wshblaw.com
Analise N. M. Tilton
Nevada Bar No. 13185
atilton@wshblaw.com
Abraham F. Ivie
Nevada Bar No. 15250
aivie@wshblaw.com
Wood, Smith, Henning & Berman LLP
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
Telephone: 702 251 4100
Facsimile: 702 251 5405

Attorneys for Knight Refrigerated, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| EVELYN ZALDIVAR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN CORNISH, an individual; KNIGHT REFRIGERATED, LLC, a foreign limited liability company, DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2-19-cv-<br><br>**DEFENDANT'S PETITION FOR REMOVAL** |

COMES NOW, Petitioner/Defendant KNIGHT REFRIGERATED, LLC ("Defendant"), by and through their attorneys, the law firm of WOOD, SMITH, HENNING & BERMAN, LLP, and hereby remove the above-captioned action currently pending in the District Court of Clark County, Nevada to the United States District Court for the District of Nevada.

## I.

## BACKGROUND

1. On or about October 7, 2019, Plaintiff filed a Complaint in the District Court of Clark County, Nevada (hereinafter the "State Court Action"). The State Court Action was assigned Docket


1  No. A-19-803195-C.[1]

2      2.      On or about November 19, 2019, Defendant Knight Refrigerated, LLC's Registered Agent accepted service of the Plaintiff's Complaint in the State Court Action.[2] This removal is therefore timely because Defendant is removing the State Court Action within thirty (30) days after the November 19, 2019 acceptance of service of process by Defendant Knight Refrigerated, LLC. 28 U.S.C. §1446(b).

      3.      Knight Refrigerated, LLC., is named as a Defendant in the Complaint. The Complaint purports to assert causes of action sounding in (1) Negligence; (2) Vicarious Liability; (3) Negligent Hiring, Training and Supervision; and (4) Negligent Entrustment.[3]

      4.      In the Complaint, Plaintiff alleges injuries as a result of a motor vehicle accident that occurred on or about October 21, 2017.[4]

      5.      Plaintiff seeks general damages in an amount in excess of $15,000.00; special damages for medical and incidental expenses; special damages for lost earnings and earning capacity; property damages; attorney's fees and costs of the suit incurred herein; and "such other and further relief as the Court may deem just and proper."[5]

      6.      Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441(a), this Petition for Removal is being filed in the United States District Court for the District of Nevada, which is part of the "district and division" embracing the place where this action was filed – Clark County, Nevada.

      7.      Pursuant to 28 U.S.C. §1446(d), a Notice of Removal to All Adverse Parties will be promptly served upon Plaintiff's Counsel and filed with the Clerk of the District Court of Clark County, Nevada.[6]

///
///
///

---

[1] **Exhibit "A"**: Plaintiff's Complaint.
[2] **Exhibit "B"**: Service of Process Transmittal stamped November 20, 2019.
[3] See Exhibit "A", generally.
[4] Id. at p. 3.
[5] Id. at p. 6.
[6] **Exhibit "C"**: Notice of Filing Petition for Removal to be filed concurrently with this Petition.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

## II.

## STATUTORY REQUIREMENTS: 28 U.S.C. §1332

8. <u>Diversity</u>. This Court has diversity jurisdiction of this action pursuant to 28 U.S.C. §1332.

9. Plaintiff alleges in their Complaint that they are a resident of Clark County, State of Nevada.[7]

10. Defendant Knight Refrigerated, LLC is a foreign limited liability company domiciled in the State of Arizona.

11. Defendant Kevin Cornish is a resident of South Carolina.

12. Diversity, therefore, exists because Plaintiff is a citizen of Nevada and Defendants are citizens of Arizona and South Carolina.

13. <u>Amount in Controversy</u>. Plaintiff prays for general damages in an amount in excess of $15,000.00, special damages for medical and incidental expenses incurred and to be incurred, special damages for lost earnings and earning capacity and property damages.[8]

14. Plaintiff's prayer for relief also includes: past and future medical expenses; past and future incidental expenses; lost earnings; lost earning capacity; property damages; attorney's fees; and other damages.[9]

In <u>Doelamo v. Karl-Heinz</u>, this Court held that the amount in controversy was over $75,000 based on the approximation of $22,000 the plaintiff in that case claimed in past medical damages.[10] The defendant in that case successfully argued that it, if the plaintiff were successful in his claim for lost past wages, he would likely be able to recover more than $75,000 after factoring in future lost wages, pain and suffering, and attorney's fees.[11]

Here, because Plaintiff's claim for general damages in excess of $15,000.00 does not include computations for past medical special damages, future medical special damages, lost wages, lost

---

[7] <u>See</u> Exhibit "A" at p. 1.
[8] <u>Id.</u> at p. 6.
[9] <u>Id.</u>
[10] No. 2:14-CV-00339-RCJ, 2014 WL 2197640, at *1 (D. Nev. May 27, 2014)
[11] <u>Id.</u>

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

earning capacity, pain and suffering, nor attorney's fees—each of which have not yet been calculated—the total amount in controversy should be deemed to be in excess of $75,000.

15. Thus, this Court has jurisdiction of this action pursuant to 28 U.S.C. §1332 since the alleged amount in controversy is in excess of $75,000.00.

## III.

## CONCLUSION

Based on the forgoing, Petitioner/Defendant respectfully requests this action be removed to this Court, that all further proceedings in the State Court be stayed, and that Petitioner/Defendant obtain all additional relief to which they are entitled.

DATED:  December 10, 2019                    WOOD, SMITH, HENNING & BERMAN LLP


By:   */s/ Analise N.M. Tilton*
         JOEL D. ODOU
         ANALISE N. M. TILTON
         ABRAHAM F. IVIE
         Attorneys for Knight Refrigerated, LLC

# EXHIBIT A

Electronically Filed
10/7/2019 2:36 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
David D. Boehrer, Esq.
Nevada Bar No. 9517
Travis J. Rich, Esq.
Nevada Bar No. 12854
**DAVID BOEHRER LAW FIRM**
375 N. Stephanie Street, Suite 2213
Henderson, NV 89014
Tel: (702) 750-0750
Fax: (702) 750-0751
david@dblf.com; travis@dblf.com
*Attorneys for Plaintiff*

CASE NO: A-19-803195-C
Department 14

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| EVELYN ZALDIVAR, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN CORNISH, an individual; KNIGHT REFRIGERATED, LLC, a foreign limited liability company; DOES 1 through 10; and ROE ENTITIES 11 through 20, inclusive jointly and severally,<br><br>Defendants. | Case No.<br>Dept. No.<br><br>**COMPLAINT** |

COMES NOW, Plaintiff EVELYN ZALDIVAR, by and through his attorney of record, DAVID D. BOEHRER, ESQ. of the DAVID BOEHRER LAW FIRM, and complains and alleges as follows:

1. That at all times relevant herein, Plaintiff, EVELYN ZALDIVAR (hereinafter "PLAINTIFF"), is and was a resident of Clark County, Nevada.

2. That at all times relevant herein, Defendant, KEVIN CORNISH (hereinafter "CORNISH"), upon information and belief, is and was a resident of Dorchester County, South Carolina.

3. That at all times relevant herein, upon information and belief, Defendant KNIGHT REFRIGERATED, LLC (hereinafter "KNIGHT"), a foreign limited liability company, was and

is domiciled in the State of South Carolina.

4. That all the facts and circumstances that gave rise to the subject lawsuit occurred in Clark County, Nevada.

5. That the identity of ROE ENTITY 11 is legal entity employing CORNISH at the time of the subject collision.

6. That the identities of Defendant DOES 1 through 10 and ROE ENTITIES 11 through 20 are presently unknown at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff request leave of the Court to amend this Complaint to specify the DOE and ROE Defendants when their identities become known.

7. That Defendant DOES 1 through 10 and ROE ENTITIES 11 through 20 are individuals, corporations, associations, partnerships, subsidiaries, holding companies, owners, predecessor or successor entities, joint venturers, parent corporations or related business entities of Defendant, inclusive, who were acting on behalf of or in concert with, or at the direction of Defendant, and are responsible for the injurious activities of the other Defendants.

8. At all material times, Defendant DOES 1 through 10 and ROE ENTITIES 11 through 20 were individuals and/or entities who were and are agents, masters, servants, employers, employees, joint ventures, representatives and/or associates of Defendant with the consent, knowledge, authorization, ratification and permission of each other. At all times relevant hereto, Defendant DOES 1 through 10 and ROE ENTITIES 11 through 20 engaged in concerted acts and/or were responsible for the acts and/or omissions of themselves and each other Defendant.

9. That each DOE and/or ROE Defendant negligently, willfully, intentionally, recklessly, vicariously, or otherwise, caused, directed, allowed or set in motion the injurious events set forth herein.

10. That each DOE and/or ROE Defendant is legally responsible for the events and happenings stated in this Complaint, and thus legally and proximately caused injury and damages to Plaintiff.

11. Plaintiff has found it necessary to retain the services of an attorney to prosecute

this action and is therefore entitled to reasonable attorney's fees and costs of suit incurred herein.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over CORNISH since CORNISH was traveling in Clark County, Nevada at the time of the subject collision. CORNISH availed himself to the benefits and protections of Nevada's laws and highways. This Court has jurisdiction over KNIGHT since KNIGHT was conducting business in Clark County, Nevada. Further, this case involves damages in an amount in excess of $15,000.00. Venue is proper, as the subject collision and conduct of Defendants occurred within Clark County in the state of Nevada.

**FACTS COMMON TO ALL COUNTS**

13. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 12 of the general allegations as though fully set forth at this time.

14. On or about October 21, 2017, Plaintiff was a passenger in a vehicle traveling northbound on US-95 in the #3 travel lane just south of Charleston Boulevard in Las Vegas, Nevada.

15. PLAINTIFF's vehicle was at a complete stop due to traffic.

16. At the same time and date, CORNISH was traveling several cars behind Plaintiff in the #3 travel lane.

17. CORNISH failed to slow down and stop, rear ending a 2008 Nissan Titan driven by Clyde Montero, (hereinafter "MONTERO").

18. The force of the impact caused MONTERO's vehicle to be pushed forward into the rear of a 2001 Dodge Ram, driven by Francisco Gurrola, (hereinafter "GURROLA").

19. GURROLA's vehicle was also pushed forward and therefore caused to rear end Plaintiff's vehicle.

20. CORNISH negligently operated his vehicle and failed to use due care by, among other things, failing to maintain a proper lookout, failing to decrease speed, and failing to maintain a safe distance, thereby causing a chain of collisions which lead to Plaintiff's vehicle being rear ended.

21. Upon information and belief, Defendant violated Nevada traffic laws for following

too closely and was cited accordingly.

22. Upon information and belief, Defendant was driving while in the course and scope of his employment with KNIGHT at the time of the collision.

23. Upon information and belief, Defendant was the permissive driver of a vehicle owned by KNIGHT at the time of the subject collision.

## FIRST CAUSE OF ACTION

(Negligence – Defendant CORNISH)

24. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 23 as though fully set forth at this time.

25. CORNISH had a duty to operate his vehicle in a safe and responsible manner.

26. CORNISH breached this duty when he failed to use due care, failed to maintain a proper lookout, failed to decrease speed, and failed to maintain a safe distance,

27. CORNISH is further negligent per se by violating Nevada's traffic laws including, but not limited to, NRS 484B.127 establishing the duty and breach elements of negligence.

28. CORNISH's breach of duty was the actual and proximate cause of the damages sustained by Plaintiff.

29. As a direct and proximate result of the negligence and carelessness of CORNISH, Plaintiff was injured and suffered pain and anxiety; further, Plaintiff was prevented in part from attending to his usual activities.

30. As a further direct and proximate result of the negligence and carelessness of CORNISH, Plaintiff was required to incur expenses for medical care and treatment, and expenses incidental thereto, all to Plaintiff's damages in an amount proven at trial.

31. As a further direct and proximate result of the aforementioned negligence and carelessness of CORNISH, Plaintiff has incurred injuries which are permanent and disabling in nature, and which will cause Plaintiff to incur future expenses for medical care and treatment and expenses incidental thereto.

32. As a further direct and proximate result of the aforementioned negligence and carelessness of CORNISH, Plaintiff has incurred and may incur in the future a loss of income and

diminished earning capacity.

33. Plaintiff had to retain the services of an attorney to prosecute this matter and is entitled to reasonable attorney's fees, cost of suit incurred herein, and interest thereon.

## SECOND CAUSE OF ACTION

(Vicarious Liability – KNIGHT)

34. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 33 as though fully set forth at this time.

35. That at all times relevant herein, based upon information and belief, KNIGHT was the owner of the vehicle operated by CORNISH at the time of the subject collision.

36. That at all times relevant herein, based upon information and belief, CORNISH was operating the subject vehicle with the permission, consent, and/or knowledge of KNIGHT.

37. That at all times relevant herein, CORNISH was the agent and/or employee of KNIGHT and was acting within the course and scope of such agency and/or employment, and as such, KNIGHT is liable to Plaintiff for Plaintiff's injuries and damages pursuant to Nevada law, including but not limited to NRS 41.130, all in an amount in excess of $15,000.00.

## THIRD CAUSE OF ACTION

(Negligent Hiring, Training, and Supervision – KNIGHT)

38. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 36 as though fully set forth at this time.

39. That KNIGHT was negligent in the selection, hiring, training, supervision and/or retention of Defendant at all times relevant herein.

40. That as a direct and proximate cause of the aforesaid conduct of KNIGHT, Plaintiff suffered damages, all in an amount in excess of $15,000.00.

## FOURTH CAUSE OF ACTION

(Negligent Entrustment – KNIGHT)

41. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 40 as though fully set forth at this time.

42. That based upon information and belief, CORNISH was operating the subject

vehicle with the expressed or implied permission of KNIGHT.

43. That based upon information and belief, KNIGHT negligently entrusted CORNISH with use of the subject vehicle, which proximately caused the aforementioned injuries and damages referenced by Plaintiff herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

1. General damages in an amount in excess of $15,000.00;
2. Special damages for medical and incidental expenses incurred and to be incurred;
3. Special damages for lost earnings and earning capacity;
4. Property damages sustained by Plaintiff;
5. Attorney's fees and costs of suit incurred herein; and
6. For such other and further relief as the Court may deem just and proper.

DATED this 7th day of October, 2019.

**DAVID BOEHRER LAW FIRM**

DAVID D. BOEHRER, ESQ.
Nevada Bar No. 9517
TRAVIS J. RICH, ESQ.
Nevada Bar No. 12854
375 N. Stephanie Street, Suite 2213
Henderson, Nevada 89014
*Attorneys for Plaintiff*

# EXHIBIT B

## DECLARATION OF SERVICE

Electronically Filed
11/20/2019 9:58 AM
Steven D. Grierson
CLERK OF THE COURT

| Case:<br>A-19-803195-C | Court:<br>Eighth Judicial District Court | County:<br>Clark County, NV | Job:<br>3097840 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>EVELYN ZALDIVAR | | Defendant / Respondent:<br>KEVIN CORNISH, an Individual; KNIGHT REFRIGERATED, LLC, a foreign limited liability company: DOES 1 through 10; and ROE ENTITIES 11 through 20, inclusive jointly and severally | |
| Received by:<br>J & L Process Service, LLC | | For:<br>David Boehrer Law Firm | |
| To be served upon:<br>James Brophy | | | |

I, Leticia Estrada, being duly sworn, depose and say: I am over the age of 21 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | James Brophy, Ryley Carlock & Applewhite: 1 N CENTRAL AVE Suite 1200, PHOENIX, AZ 85004 |
|---|---|
| Manner of Service: | Registered Agent, Nov 19, 2019, 11:06 am MST |
| Documents: | Summons, and Complaint. (Received Nov 15, 2019 at 12:39pm MST) |

**Additional Comments:**
1) Successful Attempt: Nov 19, 2019, 11:06 am MST at Ryley Carlock & Applewhite: 1 N CENTRAL AVE Suite 1200, PHOENIX, AZ 85004 received by James Brophy. Age: 70; Ethnicity: Caucasian; Gender: Male; Weight: 120; Height: 5'7"; Hair: Gray; Eyes: Blue; Relationship: Registered Agent ;

Hand Delivered

**Fees:**   $65.00

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct:

*Leticia Estrada*   11/19/2019

Leticia Estrada                               Date
MC-8394
Certified in Maricopa County

J & L Process Service, LLC
PO Box 942
Glendale, AZ 85311
602-344-9655

Case Number: A-19-803195-C

# EXHIBIT C

**NOTC**
Joel D. Odou
Nevada Bar No. 7468
jodou@wshblaw.com
Analise N. M. Tilton
Nevada Bar No. 13185
atilton@wshblaw.com
Abraham F Ivie
Nevada Bar No. 15250
aivie@wshblaw.com
Wood, Smith, Henning & Berman LLP
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
Telephone: 702 251 4100
Facsimile: 702 251 5405

Attorneys for Defendant, Knight Refrigerated, LLC

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| EVELYN ZALDIVAR, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KEVIN CORNISH, an individual; KNIGHT REFRIGERATED, LLC, a foreign limited liability company; DOES 1 through 10; and ROE ENTITIES 11 through 20, inclusive,<br><br>　　　　　Defendants. | Case No. A-19-803195-C<br>Dept. No.: XIV<br><br>**DEFENDANT'S NOTICE OF FILING PETITION FOR REMOVAL** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LEGAL:10092-0068/13328338.1

TO:   Clerk, District Court of Clark County, Nevada
       Regional Justice Center
       200 Lewis Avenue
       Las Vegas, NV 89155

PLEASE TAKE NOTICE, that on December 10, 2019, Defendant, KNIGHT REFRIGERATED, LLC ("Defendant"), by and through their attorneys, the law firm of WOOD, SMITH, HENNING & BERMAN, LLP, filed a Petition for Removal of this action to the United States District Court for the District of Nevada.

PLEASE TAKE FURTHER NOTICE that the filing of the Petition for Removal in the United States District Court for the District of Nevada and the filing of this Notice effect the removal of this action, and pursuant to 28 U.S.C. §1446(d), the above-captioned action may proceed no further unless and until the case is remanded.

December 10, 2019

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law

By   */s/ Analise N.M. Tilton*
     JOEL D. ODOU
     Nevada Bar No. 7468
     ANALISE N. M. TILTON
     Nevada Bar No. 13185
     ABRAHAM F. IVIE
     Nevada Bar No. 15250
     2881 Business Park Court, Suite 200
     Las Vegas, Nevada 89128-9020
     Tel. 702 251 4100

     Attorneys for Defendant, Knight Refrigerated, LLC

LEGAL:10092-0068/13328338.1           -2-

# CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of Wood Smith Henning & Berman, LLP and that on this 10th day of December, 2019, I did cause a true and correct copy of the foregoing **DEFENDANT'S NOTICE OF FILING PETITION FOR REMOVAL** to be served upon each of the parties listed below via electronic service through the Court's Odyssey File and Service System.

David D. Boehrer, Esq.
Travis J. Rich, Esq.
DAVID BOEHRER LAW FIRM
375 N. Stephanie Street, Suite 2213
Henderson, NV  89014
Email: david@bdlf.com
Email: travis@dblf.com
***Attorneys for Plaintiff, Evelyn Zaldivar***

By  */s/ Michelle N. Ledesma*
Michelle N. Ledesma, an Employee of
WOOD, SMITH, HENNING & BERMAN LLP

LEGAL:10092-0068/13328338.1                         -3-