Joel D. Odou
Nevada Bar No. 7468
jodou@wshblaw.com
Analise N. M. Tilton
Nevada Bar No. 13185
atilton@wshblaw.com
Abraham F. Ivie
Nevada Bar No. 15250
aivie@wshblaw.com
Wood, Smith, Henning & Berman LLP
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
Telephone: 702 251 4100
Facsimile: 702 251 5405

Attorneys for Knight Refrigerated, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| EVELYN ZALDIVAR, an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>KEVIN CORNISH, an individual; KNIGHT REFRIGERATED, LLC, a foreign limited liability company, DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No. 2:19-cv-02117<br><br>**DEFENDANT KNIGHT REFRIGERATED, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Trial Date:       None Set |

COMES NOW, DEFENDANT KNIGHT REFRIGERATED, LLC (hereafter "DEFENDANT") by and through their counsel, the law firm of Wood, Smith, Henning & Berman, LLP, and hereby answers and responds to Plaintiff's Complaint, as follows:

## **GENERAL ALLEGATIONS**

1.    Answering Paragraph 1 in Plaintiff's Complaint, Defendant states the averments contained therein do not assert claims against Defendant; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant

1  is without sufficient information to form a belief as to the truth or falsity of the allegations contained

2  therein, and therefore denies the allegations.

3        2.      Answering Paragraph 2 in Plaintiff's Complaint, Defendant states the averments

4  contained therein do not assert claims against Defendant; therefore no response is required. To the

5  extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant

6  is without sufficient information to form a belief as to the truth or falsity of the allegations contained

7  therein, and therefore denies the allegations..

8        3.      Answering Paragraph 3 in Plaintiff's Complaint, Defendant Knight Refrigerated, LLC

9  is an Arizona limited liability company.

10        4.      Answering Paragraph 4 in Plaintiff's Complaint, Defendant states the averments

11  contained therein do not assert claims against Defendant; therefore no response is required. To the

12  extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant

13  is without sufficient information to form a belief as to the truth or falsity of the allegations contained

14  therein, and therefore denies the allegations.

15        5.      Answering Paragraph 5 in Plaintiff's Complaint, Defendant states the averments

16  contained therein do not assert claims against Defendant; therefore no response is required. To the

17  extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant

18  is without sufficient information to form a belief as to the truth or falsity of the allegations contained

19  therein, and therefore denies the allegations.

20        6.      Answering Paragraph 6 in Plaintiff's Complaint, Defendant states the averments

21  contained therein do not assert claims against Defendant; therefore no response is required. To the

22  extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant

23  is without sufficient information to form a belief as to the truth or falsity of the allegations contained

24  therein, and therefore denies the allegations.

25        7.      Answering Paragraph 7 in Plaintiff's Complaint, Defendant states the averments

26  contained therein do not assert claims against Defendant; therefore no response is required. To the

27  extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant

28  is without sufficient information to form a belief as to the truth or falsity of the allegations contained

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

1  therein, and therefore denies the allegations.

2      8.    Answering Paragraph 8 in Plaintiff's Complaint, Defendant states the averments
3  contained therein do not assert claims against Defendant; therefore no response is required. To the
4  extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant
5  is without sufficient information to form a belief as to the truth or falsity of the allegations contained
6  therein, and therefore denies the allegations.

7      9.    Answering Paragraph 9 in Plaintiff's Complaint, Defendant states the averments
8  contained therein do not assert claims against Defendant contains purported legal conclusions and/or
9  recitations of law, rather than allegations; therefore no response is required. To the extent said
10 Paragraph is determined to contain factual allegations made against Defendant, Defendant is without
11 sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and
12 therefore denies the allegations.

13     10.    Answering Paragraph 10 in Plaintiff's Complaint, Defendant states the averments
14 contained therein do not assert claims against Defendant contains purported legal conclusions and/or
15 recitations of law, rather than allegations; therefore no response is required. To the extent said
16 Paragraph is determined to contain factual allegations made against Defendant, Defendant is without
17 sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and
18 therefore denies the allegations.

19     11.    Answering Paragraph 11 in Plaintiff's Complaint, Defendant states the averments
20 contained therein do not assert claims against Defendant and improperly contains purported legal
21 conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the
22 extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant
23 is without sufficient knowledge or information to form a belief as to the truth of the allegations
24 therein, and therefore, denies each and every allegation contained therein.

## JURISDICTION AND VENUE

26     12.    Answering Paragraph 12 in Plaintiff's Complaint, Defendant states the averments
27 contained therein do not assert claims against Defendant and improperly contains purported legal
28 conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702.251.4100 ♦ FAX 702.251.5405

extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and therefore, denies each and every allegation contained therein. Defendant further denies Plaintiff was damaged in any sum whatsoever.

**FACTS COMMON TO ALL COUNTS**

13. Answering Paragraph 13 in Plaintiff's Complaint, Defendant repeats, re-alleges, and incorporates by reference herein its answers to Paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14. Answering Paragraph 14 in Plaintiff's Complaint, Defendant states the averments contained therein do not assert claims against Defendant; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and therefore, denies each and every allegation contained therein.

15. Answering Paragraph 15 in Plaintiff's Complaint, Defendant states the averments contained therein do not assert claims against Defendant; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and therefore, denies each and every allegation contained therein.

16. Answering Paragraph 16 in Plaintiff's Complaint, Defendant states the averments contained therein do not assert claims against Defendant; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and therefore, denies each and every allegation contained therein.

17. Answering Paragraph 17 in Plaintiff's Complaint, Defendant states the averments contained therein do not assert claims against Defendant contains purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

therefore denies the allegations.

18. Answering Paragraph 18 in Plaintiff's Complaint, Defendant states the averments contained therein do not assert claims against Defendant contains purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the allegations.

19. Answering Paragraph 19 in Plaintiff's Complaint, Defendant states the averments contained therein do not assert claims against Defendant contains purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the allegations.

20. Answering Paragraph 20 in Plaintiff's Complaint, Defendant states the averments contained therein do not assert claims against Defendant contains purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the allegations.

21. Answering Paragraph 21 in Plaintiff's Complaint, Defendant states the averments contained therein do not assert claims against Defendant contains purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the allegations.

22. Answering Paragraph 22 in Plaintiff's Complaint, Defendant states, upon information and belief, Defendant Cornish, was driving the tractor-trailer at the time of the subject accident. As to the remaining allegations, Defendant states the averments contained therein do not assert claims

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702.251.4100 ♦ FAX 702.251.5405

against Defendant contains purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the allegations.

23. Answering Paragraph 23 in Plaintiff's Complaint, Defendant states, upon information and belief, Defendant Cornish, was driving the tractor-trailer at the time of the subject accident. As to the remaining allegations, Defendant states the averments contained therein do not assert claims against Defendant contains purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the allegations.

**FIRST CAUSE OF ACTION**
**(NEGLIGENCE – DEFENDANT CORNISH)**

24. Answering Paragraph 24 of Plaintiff's Complaint, Defendant repeats and realleges their answers to Paragraphs 1 through 23, inclusive, and incorporates these answers by reference as though fully set forth herein.

25. Answering Paragraph 25 in Plaintiff's Complaint, Defendant believes that the allegations contained in this Paragraph applies to another Defendant and that its response is, therefore, not required. However, to the extent that this paragraph applies to the answering Defendant, Defendant states this Paragraph contains purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and therefore, denies each and every allegation contained therein.

26. Answering Paragraph 26 in Plaintiff's Complaint, Defendant believes that the allegations contained in this Paragraph applies to another Defendant and that its response is, therefore, not required. However, to the extent that this paragraph applies to the answering Defendant, Defendant states this Paragraph contains purported legal conclusions and/or recitations of law, rather

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and therefore, denies each and every allegation contained therein.

27. Answering Paragraph 27 in Plaintiff's Complaint, Defendant believes that the allegations contained in this Paragraph applies to another Defendant and that its response is, therefore, not required. However, to the extent that this paragraph applies to the answering Defendant, Defendant states this Paragraph contains purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and therefore, denies each and every allegation contained therein.

28. Answering Paragraph 28 in Plaintiff's Complaint, Defendant believes that the allegations contained in this Paragraph applies to another Defendant and that its response is, therefore, not required. However, to the extent that this paragraph applies to the answering Defendant, Defendant states this Paragraph contains purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and therefore, denies each and every allegation contained therein.

29. Answering Paragraph 29 in Plaintiff's Complaint, Defendant believes that the allegations contained in this Paragraph applies to another Defendant and that its response is, therefore, not required. However, to the extent that this paragraph applies to the answering Defendant, Defendant states this Paragraph contains purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and therefore, denies each and every allegation contained therein.

30.     Answering Paragraph 30 in Plaintiff's Complaint, Defendant believes that the allegations contained in this Paragraph applies to another Defendant and that its response is, therefore, not required. However, to the extent that this paragraph applies to the answering Defendant, Defendant states this Paragraph contains purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and therefore, denies each and every allegation contained therein.

31.     Answering Paragraph 31 in Plaintiff's Complaint, Defendant believes that the allegations contained in this Paragraph applies to another Defendant and that its response is, therefore, not required. However, to the extent that this paragraph applies to the answering Defendant, Defendant states this Paragraph contains purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and therefore, denies each and every allegation contained therein.

32.     Answering Paragraph 32 in Plaintiff's Complaint, Defendant believes that the allegations contained in this Paragraph applies to another Defendant and that its response is, therefore, not required. However, to the extent that this paragraph applies to the answering Defendant, Defendant states this Paragraph contains purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and therefore, denies each and every allegation contained therein.

33.     Answering Paragraph 33 in Plaintiff's Complaint, Defendant states the averments contained therein do not assert claims against Defendant and improperly contains purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702.251.4100 ♦ FAX 702.251.5405

is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and therefore, denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION.
### (VICARIOUS LIABILITY - KNIGHT)

34. Answering Paragraph 34 of Plaintiff's Complaint, Defendant repeats and realleges their answers to Paragraphs 1 through 33, inclusive, and incorporates these answers by reference as though fully set forth herein.

35. Answering Paragraph 35 in Plaintiff's Complaint, Defendant states, upon information and belief, Defendant Cornish, was driving the tractor-trailer at the time of the subject accident. As to the remaining allegations, Defendant states the averments contain purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the allegations.

36. Answering Paragraph 36 in Plaintiff's Complaint, Defendant states, upon information and belief, Defendant Cornish, was driving the tractor-trailer at the time of the subject accident. As to the remaining allegations, Defendant states the averments contain purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the allegations.

37. Answering Paragraph 37 in Plaintiff's Complaint, Defendant states, upon information and belief, Defendant Cornish, was driving the tractor-trailer at the time of the subject accident. As to the remaining allegations, Defendant states the averments contain purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the allegations. Defendant further denies Plaintiff was damaged in any sum

whatsoever.

### THIRD CAUSE OF ACTION.
### (NEGLIGENT HIRING, TRAINING, AND SUPERVISION - KNIGHT)

38. Answering Paragraph 38 of Plaintiff's Complaint, Defendant repeats and realleges their answers to Paragraphs 1 through 37, inclusive, and incorporates these answers by reference as though fully set forth herein.

39. Answering Paragraph 39 in Plaintiff's Complaint, Defendant states the averments contain purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the allegations.

40. Answering Paragraph 40 in Plaintiff's Complaint, Defendant states the averments contained therein do not assert claims against Defendant and contain purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the allegations. Defendant further denies Plaintiff was damaged in any sum whatsoever.

### FOURTH CAUSE OF ACTION.
### (NEGLIGENT ENTRUSTMENT - KNIGHT)

41. Answering Paragraph 41 of Plaintiff's Complaint, Defendant repeats and realleges their answers to Paragraphs 1 through 40, inclusive, and incorporates these answers by reference as though fully set forth herein.

42. Answering Paragraph 42 in Plaintiff's Complaint, Defendant states, upon information and belief, Defendant Cornish, was driving the tractor-trailer at the time of the subject accident. As to the remaining allegations, Defendant states the averments contain purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without

sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the allegations.

43. Answering Paragraph 43 in Plaintiff's Complaint, Defendant states, upon information and belief, Defendant Cornish, was driving the tractor-trailer at the time of the subject accident. As to the remaining allegations, Defendant states the averments contain purported legal conclusions and/or recitations of law, rather than allegations; therefore no response is required. To the extent said Paragraph is determined to contain factual allegations made against Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the allegations. Defendant further denies Plaintiff was damaged in any sum whatsoever

The remainder of the Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Plaintiff's prayer for relief and further avers that Plaintiff is not entitled to any relief in this action

**Defendant denies each and every allegation of the Complaint not expressly admitted herein.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's Complaint, and each and every Cause of Action set forth therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages.

### THIRD AFFIRMATIVE DEFENSE

The relief sought by Plaintiff is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not well grounded in fact and are not warranted by existing law or good faith argument for the extension or modification of existing law but pursued only for the purpose of harassment, unnecessary delay and the incurrence of needless cost of litigation to the answering Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Whatever damages were sustained by the Plaintiff as a result of the allegations of the Complaint, were proximately caused in whole or in part or were contributed to by reason of Plaintiff's own negligence, thus barring or diminishing Plaintiff's recovery herein according to the principals of comparative negligence.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant is not legally responsible for the acts and/or omissions of those parties named herein as fictitious DOES or named as any other entity.

**SEVENTH AFFIRMATIVE DEFENSE**

The actions of the answering Defendant in no way caused or contributed to the Plaintiff's injuries and/or damages.

**EIGHTH AFFIRMATIVE DEFENSE**

The damages allegedly sustained by Plaintiff were the result of Plaintiff's own acts and/or omissions and/or those of others over whom Defendant has no control and said alleged damages are not the result of any acts and/or omissions of Defendant.

**NINTH AFFIRMATIVE DEFENSE**

Any damages suffered by the Plaintiff were caused by an independent, intervening or superseding cause or causes over which the answering Defendant had no control or authority.

**TENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believe, and thereon allege, that it is not legally responsible in any fashion with respect to damages and injuries claimed by Plaintiff in the Complaint; however, if Defendant is subject to any liability to Plaintiff or any other party herein, it will be due, in whole or in part, to acts, omissions, activities, carelessness, recklessness and negligence of others; wherefore, any recovery obtained by Plaintiff against Defendant should be reduced in proportion to the respective negligence and fault and legal responsibility of all other parties, persons and entities, their agents, servants and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative negligence; the liability of Defendant, if any, is limited in direct proportion to the percentage of fault actually attributed to Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

If Plaintiff herein suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, thereby completely or partially barring Plaintiff's recovery herein.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant is informed and believe, and thereon allege, that the Plaintiff has failed to join all necessary and indispensable parties to this lawsuit.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries and damages, if any, were pre-existing and/or caused by a subsequent accident or incident.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action contained therein, is barred by the applicable Statute of Repose.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action contained therein, is barred by the applicable Statute of Limitations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's unreasonable delay in advising Defendant of any claims she had in this action bars and/or diminishes Plaintiff's recovery herein under the doctrines of estoppel, waiver, and/or laches.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and upon such information and belief allege that Plaintiff has engaged in conduct and activities sufficient to constitute a waiver by reason of which she is estopped to assert any claim or cause of action against Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The injuries complained of in Plaintiff's Complaint, if any, were not the result of willful, malicious, oppressive or deliberate conduct on the part of this answering Defendant.

///

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant did not breach a duty owed to Plaintiff, if any duty was owed, as it did not have constructive or actual notice of a potentially hazardous condition.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges that at all times relevant to the allegations contained in Plaintiff's Complaint, Defendant acted in good faith, with due care, circumspection and without fraud, oppression or malice towards Plaintiff in regard to any matters involved herein..

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The answering Defendant has been required to retain the services of Wood Smith Henning & Berman, LLP, to defend this action, and reasonable attorneys' fees and costs of suit herein incurred should be awarded therefore.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Nevada Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of Court to amend its Answer to specifically assert the same. Such defenses are herein incorporated by reference for the specific purpose of not waiving the same.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Pursuant to NRCP 8, 9 and 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon filing the Answer, therefore, Defendant reserves the right to amend this Answer to allege additional Affirmative Defenses as subsequent investigation warrants.

/ / /

/ / /

/ / /

/ / /

WHEREFORE, DEFENDANT KNIGHT REFRIGERATED, LLC prays for judgment against PLAINTIFF, EVELYN ZALDIVAR, as follows:

1. That PLAINTIFF takes nothing by virtue of her Complaint;
2. For costs of suit incurred herein;
3. For attorneys' fees and costs; and
4. For such other and further relief as the Court deems just, equitable and proper.

December 10, 2019

                      WOOD, SMITH, HENNING & BERMAN LLP
                      Attorneys at Law

By     */s/ Analise N.M. Tilton*
       JOEL D. ODOU
       Nevada Bar No. 7468
       ANALISE N. M. TILTON
       Nevada Bar No. 13185
       ABRAHAM F. IVIE
       Nevada Bar No. 15250
       2881 Business Park Court, Suite 200
       Las Vegas, Nevada 89128-9020
       Tel. 702 251 4100

       Attorneys for Defendant, Knight Refrigerated, LLC

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of December, 2019, a true and correct copy of **DEFENDANT KNIGHT REFRIGERATED, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By */s/ Michelle N. Ledesma*
Michelle N. Ledesma, an Employee of
WOOD, SMITH, HENNING & BERMAN LLP

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

LEGAL:10092-0068/13327049.1
-16-
DEFENDANT KNIGHT REFRIGERATED, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT